UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE ARIEL PORTILLO-LOZANO** : | **DOCKET NO. 2:23-cv-00154** |
| REG. # 59831-018 | **SECTION P** |
| **VERSUS** : | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jose Ariel Portilla-Lozano on February 3, 2023. Doc. 1. At the time of filing, Portilla-Lozano was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

**I.**
**BACKGROUND**

Portilla-Lozano filed the instant petition challenging the computation of his federal sentence. Specifically, he claimed that the BOP had not applied his earned FSA Time Credits due to a detainer that was filed by Immigration and Customs Enforcement (ICE). On February 22,

2023, the Bureau of Prisons released/transferred Petitioner to ICE custody. *See* doc. 8, att. 1, Declaration of Tamala Robinson; *see also id*. at att. 2, Inmate Profile (redacted)

## II.
### LAW & APPLICATION

Petitioner was in the custody of the BOP when he filed this petition. He has since been released by the Bureau of Prisons and transferred to ICE custody. *See* doc, 8, att. 2, Inmate Profile (redacted). His release from BOP custody rendered his petition moot. *See*, e.g., *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987 (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (unpublished) (§ 2241 petition seeking immediate release because BOP failed to properly credit petitioner's sentence was mooted by his release); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) (unpublished) ("If the only relief sought by an appellant cannot be granted, the case is moot.")).

An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke,* 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted).

Because there is no longer a live case or controversy due to the BOP releasing Portilla-Lozano, his petition is moot.

The Fifth Circuit does recognize a narrow exception to this rule. In some cases, "the district court may alter [a petitioner's] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, prevent[ing] [his] petition from being moot." *Herndon v. Upton,* 985 F.3d 443, 447 (5th Cir. 2021) (citing *Johnson v. Pettiford,* 442 F.3d 917 (5th Cir. 2006)). However, this narrow exception applies only when the habeas court itself has the authority to alter the period of supervised release. *See id*. at 447 ("only the sentencing court has authority to modify the terms of a prisoner's supervised release. Thus, the [habeas court]—unlike the sentencing court—cannot offer Herndon any further relief.").

Just as in *Herndon*, this Court lacks jurisdiction to grant a modification to Petitioner's term of supervised release, as he was not sentenced in Louisiana, but in the Middle District of Florida. *See* doc. 8, att. 1; *see also id*. at att. 3, Judgment and Commitment Order. Accordingly, petitioner's habeas petition is moot, "notwithstanding [his] continued supervision, because there [is] no longer a live case or controversy for which any relief could be granted." *Herndon* at 446.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE